**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

PRINCIPAL LIFE INSURANCE )
COMPANY, )
                      )
          Plaintiff, )
                      )
vs. )     Case No. CIV-10-163-M
                      )
LORI WAKEN and )
SHANNON WAKEN, mother and next )
friend of CHILD A and CHILD B, minor )
children, )
                      )
          Defendants. )

## ORDER

Before the Court are Defendant Shannon Waken's Trial Brief, Proposed Findings of Fact and

Conclusions of Law, Defendant Lori Waken's Trial Brief and Proposed Findings of Fact and

Conclusions of Law, and Response to Defendant Shannon Waken's Trial Brief, and defendants'

Stipulation of Agreed Facts in Lieu of Testimony at Trial. Based upon the parties' submissions and

per the agreement of the parties, the Court makes its determination.

I.      INTRODUCTION

Keith Waken, a former employee of Hammer Williams Company, participated in an ERISA-

regulated employee welfare benefit plan funded by a group life insurance policy issued by Principal

Life Insurance Company. Keith Waken and defendant Shannon Waken were divorced on August

31, 2004. The Decree of Dissolution of Marriage ordered Keith Waken to carry a life insurance

policy in the amount of $200,000 with the two minor children of his marriage to Shannon Waken

named as beneficiaries until 2018.

On December 19, 2007, Keith Waken completed an enrollment form to obtain life insurance

through Hammer Williams. The Hammer Williams group voluntary term life insurance policy is

an ERISA regulated employee welfare benefit plan issued by Principal Life.  The policy provided that Keith Waken name a beneficiary at the time of enrollment.  The beneficiary could later be changed by filing a written policy holder change request form. The change in beneficiary would not take effect until Principal Life recorded the change.  The policy provides that upon a member's death, the policy will pay the beneficiary the scheduled benefits in force on the date of his death.  Keith Waken married defendant Lori Waken prior to his enrollment in Principal Life's group insurance plan.  Keith Waken listed his spouse, Lori Waken, as beneficiary of 50% of the life insurance benefits.  Keith Waken also listed Child A as beneficiary of 25% of the benefits and Child B as a beneficiary without specifying the percentage of benefits to be attributed.  Keith Waken died on May 29, 2009.

On July 7, 2009, defendant Shannon Waken submitted two claim forms to Principal Life making claims for Child A and Child B.  On July 8, 2009, defendant Lori Waken submitted a claim form to Principal Life indicating that she was making a claim to "only the portion due me as one of the beneficiaries of the member."  Principal Life issued $100,000 in voluntary life insurance benefits to defendant Shannon Waken on behalf of Child A and Child B and interpleaded the remaining $100,000 in disputed voluntary life benefits into the Court's registry.  Defendant Shannon Waken claims Child A and Child B are entitled to the remaining $100,000 in voluntary life benefits pursuant to the 2004 Decree of Dissolution of Marriage.  Defendant Lori Waken claims she is entitled to the remaining $100,000 in voluntary life benefits as Keith Waken designated her as a 50% beneficiary on the insurance enrollment form.

II.    Discussion

Congress enacted ERISA in 1974 expressly preempting "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan,. . ."  In general claims based on a

state divorce decree are preempted by ERISA. *See Carland v. Metro. Life Ins. Co.,* 935 F.2d 1114, 1119 (10th Cir. 1991). The Supremacy Clause of the United States Constitution and ERISA preemption prevent a state divorce decree from altering the beneficiary designation of an ERISA-regulated life insurance policy unless the decree meets one of the narrow exceptions to ERISA. Exceptions to ERISA preemption include (1) causes of action that arose before 1975; (2) state laws regulating insurance, banking or securities; (3) general criminal laws; (4) provisions of the Hawaii Prepaid Healthcare Act; (5) regulation of multiple employer health care arrangements; (6) qualified domestic relation orders (QDRO); (7) state laws requiring coverage for people eligible for social security programs; and (8) certain group health plans. 29 U.S.C. § 1144(b)(1)-(9).

In considering whether a divorce decree should alter the distribution of ERISA-regulated benefits, a determination is made as to whether the decree meets or substantially meets the ERISA requirements for a QDRO. *Carland v. Metro. Life Ins. Co.,* 935 F.2d at 1119. To qualify as QDRO under ERISA, the divorce decree must provide: (1) the names and addresses of the participant and alternative payee; (2) the amount or percentage to be paid to the alternate payee; (3) the number of payments or period of time for which payments shall be made; and (4) the plan to which the QDRO applies. *Id.*

It is undisputed that the life insurance policy at issue in this case is an employee welfare benefit plan and is subject to federal ERISA regulation. ERISA regulation requires that the plan fiduciary administer the plan "solely in the interest of the participants and beneficiaries and in accordance with the documents and instruments governing the plan, . . ." 29 U.S.C. § 1104(a)(1)(D). Prior to his death Keith Waken personally completed and designated on governing plan documents his wife Lori Waken, a 50% beneficiary and his two children, the remaining beneficiaries.

In the case at bar, it is undisputed that the group voluntary term life insurance policy at issue is regulated by ERISA. It is also undisputed that the 2004 Decree of Dissolution in question is not a qualified domestic relation order. Furthermore, there is no evidence of any attempt to enforce the provisions of the divorce decree by executing a QDRO or otherwise linking the insurance policy at issue with the provisions in the decree.

The Court has carefully reviewed the parties' briefs and evidentiary submissions and finds in favor of defendant Lori Waken. Specifically the Court finds that the Decree of Dissolution in question does not satisfy any exception to ERISA preemption and that governing law and ERISA regulations require distribution of the $100,000 in disputed benefits be awarded to defendant Lori Waken in accordance with Keith Waken's beneficiary designation.

**IT IS SO ORDERED this 8th day of December, 2010.**


VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE